**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD CAREY, | No. 14-55483 |
| Plaintiff - Appellant, | D.C. No. 8:13-cv-00740-CJC-RNB |
| v. | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 11, 2016
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Richard Carey appeals from the district court's order granting United of

Omaha Life Insurance Company's motion for summary judgment. We have

jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Carey was not required to exhaust his administrative remedies because he qualifies for the futility exception to the exhaustion requirement. Although not specifically mandated by the Employee Retirement Income Security Act of 1974 (ERISA), this court requires an ERISA plaintiff to "avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quoting *Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995)). There are, however, a few exceptions to that rule. One such exception is the futility doctrine, under which a claimant does not have to exhaust administrative remedies if doing so would be futile. *See id.* at 626-27.

Here, Carey has demonstrated that the exception applies by showing that a further request for review would have been futile. After United denied Carey benefits under his long-term disability (LTD) plan, Carey filed a complaint with the California Department of Insurance (DOI), stating that his benefits were improperly denied. The DOI then sent a letter to United, asking United to "reevaluate" Carey's claim for benefits. United responded in a letter to Carey that it had "review[ed] all of the documentation in [Carey's] file" and was "unable to approve [his] LTD claim." United states that, in this letter, it was not conducting a

substantive review of Carey's claim, but was instead simply "summarizing" the "history of United's initial claim decision."

Because of the imprecision in United's communications, however, a person in Carey's position would have thought that United had reviewed the substance of his case and decided anew that he was not entitled to benefits. The plain language of the communications indicated to Carey that pursuing a further request for review—thinking that one had already occurred—would have been futile. *C.f. Vaught*, 546 F.3d at 628 (explaining this court's "principle that terms in an ERISA plan should be interpreted in an ordinary and popular sense as would a [person] of average intelligence and experience" (internal quotation marks omitted)); *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997) (when communicating to claimants that benefits are denied, "the reason for the denial must be stated in reasonably clear language").

United argues that Carey cannot establish futility because its letter informed Carey that he could appeal the results of the review it conducted after receiving the DOI inquiry. This portion of the letter does not alter our conclusion, however, because it does not suggest to the ordinary reader that the appeal would be conducted by an outside body or by a different body within United that might, on the basis of the same evidence that United had already twice rejected, find good

cause to come to an opposite conclusion. That is, a person in Carey's position would have thought that it would be futile to appeal again to United after it had twice denied his claim. The district court abused its discretion by holding that exhaustion would not have been futile and granting summary judgment in favor of United.

As we hold that exhaustion would have been futile, we need not address Carey's arguments regarding whether the DOI could act as his representative in the administrative appeals process.

**REVERSED and REMANDED**.